UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WAYNE DECOSTA,<br> Plaintiff,<br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br> Defendant. | Case No: CA 11-155-M |

MEMORANDUM AND ORDER

JOHN J. McCONNELL, United States District Judge.

Before the Court are three motions: Defendant Allstate Insurance Company's Objections to, and Motion to Vacate, Appraisal Award (ECF No. 45); Allstate's Second Motion for Summary Judgment (ECF No. 47); and Plaintiff Wayne DeCosta's Motion to Confirm the Appraisal Award (ECF No. 51). Based on the travel of this case and the Court's previous rulings, the Court DENIES Allstate's Motions to Vacate and for Summary Judgment and GRANTS Plaintiff's Motion to Confirm the Appraisal Award.

I. FACTS AND BACKGROUND

Wayne DeCosta's property at 12 Pearson Street, West Warwick flooded on March 30, 2010 during torrential rains in that area.[1] The exterior water line was twenty-nine inches and the interior water line was eighteen inches.

---

[1] The "Pawtuxet River flooded to its highest level in recorded history, devastating areas of Warwick, West Warwick, and Cranston, RI. Days of constant rain and overflowing riverbanks led to transportation delays, millions of dollars of property damage, some evacuations, closed sewage treatment plants, stress and general havoc." *The Floods of March 2010: What Have We Learned?*, Brown University Center for Environmental Studies (Spring 2011), http://envstudies.brown.edu/reports/FloodingStudyWeb.pdf.

The Federal Emergency Management Agency (FEMA), through Allstate, insured the DeCosta property. Allstate's appraiser estimated damage and repair costs at $103,659.00. Mr. DeCosta's private adjuster estimated the cost to repair at $212,071.00. Ultimately, Allstate paid Mr. DeCosta the sum of $102,785.81.

Mr. DeCosta filed this lawsuit in 2011 seeking the difference. He moved initially for a panel of appraisers as permitted under the insurance policy. Allstate objected, contending that this case was not about valuation of the damages, but rather was about the scope of coverage and therefore not an issue for appraisers. In objecting to the appropriateness of appraisal in its first summary judgment motion, Allstate noted that that appraisal process was premature because the parties disputed what losses the DeCosta's flood policy covered. After considering the briefing, argument, and reviewing the pertinent documents generated during the estimating process, the Court granted Mr. DeCosta's motion to compel appraisal on August 15, 2011, finding that the parties' dispute was about the value of the loss and therefore the parties were required to participate in the appraisal process in accordance with the terms of the policy. (ECF No. 16.) On August 29, 2011, Allstate filed a motion for summary judgment, arguing that Mr. DeCosta failed to file a timely and proper proof of claim and that his unpaid claims were excluded under the insurance policy. (ECF No. 20.) The Court denied that motion, *see* TEXT ORDER, dated Sept. 12, 2011, reiterating its order that the parties participate in good faith in the policy-sanctioned appraisal process.

Recognizing, however, the parties' perceived disputes and their potential to derail what the Court viewed as the process that the parties should be undertaking in this case, the Court provided Allstate with the opportunity to address its concerns in the context of the appraisal process. In the September 12, 2011 text order denying Allstate's motion for summary judgment,

the Court directed the parties "to instruct the appraisal panel to separate in any award any damages alleged by the defendant to be beyond the policy coverage (i.e. damages above the water level, consequential damages, outside exterior walls, and the shed) so as to preserve such for later Court review if necessary." *See* Text Order, September 12, 2011. It appears that either Allstate did not follow this Court's directive in that regard or that it did so instruct the appraisal panel and no such separation of damages was necessary.

Mr. DeCosta and Allstate initiated the appraisal process. In accordance with the policy language, to make findings on the actual damages each party retained an appraiser and agreed to a third independent appraiser. The policy dictated that "[a] decision agreed to by any two [of the retained appraisers] will set the amount of actual cash value and loss, or if it applies, the replacement cost and loss." After performing in accordance with the policy, all three appraisers, including Allstate's appraiser, agreed that Mr. DeCosta's actual damages totaled $205,000.00 as the amount of total dwelling loss.

As the appraisal process concluded, Allstate filed a second motion for summary judgment, identical to the first one with the addition of certain facts from the appraisal process (ECF No. 47) and a motion to vacate the appraisal award (ECF No. 45.). Mr. DeCosta opposed both of Defendant's motions (ECF Nos. 50, 49) and filed a competing motion to confirm the appraisal award (ECF No. 51.).

## II. PENDING MOTIONS RELATING TO THE APPRAISAL AWARD

Each of these motions, including Allstate's second motion for summary judgment, relate to the issue of whether the heart of these parties' disputes goes to the scope of coverage or the value of the loss. Mr. DeCosta asks the Court to affirm the appraisal estimate that all of the appraisers involved in this case agreed to; conversely, Allstate asks the Court to vacate it. In

support of his motion, Mr. DeCosta argues that the Court should now affirm the appraisal award $205,000.00[2] because it is consistent with its previous rulings that the parties' disputes were appropriate pursuant to the policy for resolution by appraisal. (ECF No. 51 at 1.) Allstate counters that the Court should vacate the appraisal award, reasserting that the parties disagreed as to the scope of the loss prior to appraisal, making appraisal premature and the award ultimately not binding. (ECF Nos. 58-1 at 3-4; 45-1 at 3.) This argument also provides the basis for Allstate's second motion for summary judgment.[3] Allstate adds that it is obvious from the appraisal itself that the appraisers impermissibly made decisions about the scope of coverage. (ECF Nos. 58-1 at 3; 45-1 at 4.)

Allstate contends in its reply brief, that by instructing "the appraisal panel to separate in any award any damages alleged by the defendant to be beyond the policy coverage," the Court intended to reserve for itself post-appraisal coverage determinations. That was not the Court's intention; the Court sought to have the appraisers identify whether there were any coverage determinations implicated during the appraisal process, in effect demonstrating that the appraisers encountered issues that were beyond the policy coverage and therefore, inappropriate for appraisal. The Court ordered the appraisal, the parties complied with that process, the appraisers acted diligently, and all agreed that Mr. DeCosta's actual dwelling loss suffered because of the flooding and water damage was $205,000.00. (ECF No. 51-1.) The appraisers did not specifically separate any such out-of-scope damages and the Court will not now disagree

---

[2] After deducting for depreciation ($1,408.52), the prior payment ($102,785.81), and the deductible ($1,000.00), the net amount of the dwelling loss to be paid was $99,805.67.

[3] Allstate also argues in its summary judgment motion that Mr. DeCosta failed to preserve his claim for further damages above the amounts Allstate has already paid by failing to submit a signed proof of loss for such additional amounts as required by SFIP Art VII(J)(4) so therefore his claim is barred. Because Allstate did pay on the allegedly improperly filed claim, the Court finds that this argument has been waived.

about the scope of a flood insurance policy's coverage with appraisal professionals the parties have chosen themselves. Allstate takes issue with what its appraiser did and is not making a legal argument over which the Court has any jurisdiction at this point.[4] Because Allstate's appraiser agreed with the DeCosta's appraiser such that the final damage numbers were the same and because neither appraiser identified or separated any damages that were beyond the policy coverage, the Court will decline to involve itself in a non-existent dispute. Mr. DeCosta's motion to confirm the appraisal award is GRANTED; as such, Allstate's motion to vacate that same award is DENIED.

In light of this ruling, the Court need not give much attention to Allstate's second motion for summary judgment because, as previously noted, it is strikingly similar to its first motion for summary judgment filed in August 2011 and denied in September 2011. The Court should grant summary judgment only when it finds "that there is no genuine dispute as to any material fact" and that the undisputed facts give rise to an entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011). A court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *Id.*

While Allstate does posture its motion as a "second" motion for summary judgment, the Court finds, that it is more like a motion for reconsideration of the previously filed motion for summary judgment. The Court regards the granting of a motion for reconsideration as "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d

---

[4] The Court also notes that Allstate has waived this argument because there is nothing in the record to demonstrate that Allstate requested that the appraisers separate out any issues involving coverage as the Court directed in its September 12, 2011 order. In the alternative, if it did instruct the appraisers (as noted above) then the appraisers found that no separation of damages was necessary.

24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id.* Based on the Court's consideration of this case from its inception, the considerable briefing, documentary evidence in the record from the estimating and appraisal processes, and argument, the Court DENIES Allstate's second motion for summary judgment. There are genuine issues of material fact about whether the parties to this case did or did not agree on the scope of coverage – specifically the evidence that two competing appraisers and an independent referee appraiser found no such dispute – such that Allstate's motion fails.

### III. CONCLUSION

The Court affirms the appraisal award and GRANTS Mr. DeCosta's motion requesting the same. (ECF No. 51.) In light of that decision, Allstate's two motions – its Motion to Vacate the Appraisal Award (ECF No. 45) and Second Motion for Summary Judgment – are DENIED. Counsel for the Plaintiff shall submit a form of final judgment in this case.

IT IS SO ORDERED.

*/s/ John J. McConnell, Jr.*

John J. McConnell, Jr.
United States District Judge

January 7, 2013

6